**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARSON E. BAYNESS, | No. 23-35246 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-05227-MAT |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted June 5, 2024[**]
Portland, Oregon

Before: RAWLINSON, FORREST, and SUNG, Circuit Judges.

Claimant Carson E. Bayness appeals from the district court's ruling affirming the Commissioner of Social Security's denial of his application for benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo and reverse only if the Administrative Law Judge's (ALJ) decision was not supported by substantial evidence or was based on legal error. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). We affirm.

1. ***Evaluation of Medical Evidence.*** Bayness argues that the ALJ erred by discounting the opinions of Doctors Wingate, Senske, and Sylwester. The ALJ must assess the persuasiveness of the medical opinions and explain how she considered the supportability and consistency factors. 20 C.F.R. § 416.920c(a)–(b) (effective March 27, 2017). As to all three physicians, the ALJ sufficiently explained her analysis and her conclusions are supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022).

The ALJ found unpersuasive Dr. Wingate's opinion that Bayness has marked limitations because it is inconsistent with "contemporaneous treatment notes" and Bayness's "presentation at [Dr. Wingate's] examination" and is "largely based on [Bayness's] self-reports" that are inconsistent with the longitudinal medical record. These are valid bases for discounting a medical opinion and are based on a rational interpretation of the record evidence. *See id.* at 792–93 (affirming the ALJ's rejection of a medical opinion that was inconsistent with treatment notes and objective findings); *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (discussing medical opinions that are based on self-reports).

Bayness's argument regarding Dr. Senske fails because the ALJ is not

required to adopt opinions stated in vague terms that are "inadequate for determining" Residual Functional Capacity (RFC). *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Additionally, the ALJ did not err in finding that the objective portions of Dr. Senske's exam were largely based on Bayness's self-reports. *See Ghanim*, 763 F.3d at 1162.

Finally, the ALJ did not err in rejecting Dr. Sylwester's opinion as unsupported by a specific diagnosis or longitudinal medical evidence supporting physical limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

2. ***Evaluation of Bayness's Testimony.*** Bayness argues that the ALJ erroneously discounted his testimony by, among other things, failing to consider that his mental health symptoms wax and wane, that his limited activities are consistent with his testimony, and that he has not experienced sustained improvement in his condition. When medical evidence is inconsistent with a claimant's testimony, the ALJ can reject the testimony "only by offering specific, clear, and convincing reasons for doing so." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). Here, the ALJ identified evidence that Bayness's condition has improved since he started receiving treatment and that, contrary to his described limitations, he is able to leave the house almost daily, perform errands, and engage in group counseling. We conclude that the ALJ gave sufficient reasons supported by substantial evidence to discredit Bayness's

3

subjective symptom testimony. *Id.* at 494–95.

**3.** ***Evaluation of Lay Evidence.*** Bayness also argues that the ALJ erroneously failed to consider the observations of agency facilitators and interviewers, which he contends provide further support for his testimony. Assuming this was error, *see* 20 C.F.R. § 416.929(a) ("We will consider all of your statements about your symptoms, such as pain, and any description your medical sources *or nonmedical sources* may provide . . . ." (emphasis added)), it was harmless. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (holding failure to consider lay testimony is harmless error if "a reviewing court . . . can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination"). This lay evidence consists of checklist forms with short narratives filled out by agency employees who had very limited interaction with Bayness. And the observations of these lay witnesses—that Bayness was nervous and had some difficulties with communication and coherency—are substantially similar to other evidence in the medical record that the ALJ properly evaluated. Under these circumstances, we cannot conclude that an ALJ who credited the lay evidence would reach a different disability determination. *Cf. id.* at 1056.

**4.** ***RFC and Step-Five Determinations.*** Bayness argues that the ALJ's RFC determination was legally erroneous and unsupported by substantial evidence.

4

Specifically, Bayness contends the ALJ failed to include that he is unable to perform any type of full-time competitive work on a sustained basis due to the functional effects of his anxiety, depression, and back pain, as described by Drs. Wingate, Senske, and Sylwester; Bayness; and the lay witnesses. However, as discussed above, we conclude that the ALJ did not err in discounting this evidence, and the ALJ does not err in omitting rejected evidence from her RFC determination. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740–42 (9th Cir. 2023). Accordingly, we also conclude that the ALJ did not err at Step Five by relying on her RFC determination and the vocational expert testimony based on that determination. *See id.* at 742.

**AFFIRMED.**